**EDENFIELD ELECTRIC COMPANY, Plaintiff-Appellant,**

**v.**

**D & A EQUIPMENT COMPANY et al., Defendants-Appellees,**

**v.**

**ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Third Party Defendant.**

No. 71–2962.

United States Court of Appeals, Fifth Circuit.

June 27, 1972.

L. Tennent Lee, III, Bell, Richardson, Cleary, McLain & Tucker, Huntsville, Ala., for plaintiff-appellant.

Lawrence B. Clark, Charles A. Powell, III, Lange, Simpson, Robinson & Somerville, Birmingham, Ala., for defendants-appellees.

Before GEWIN, COLEMAN and INGRAHAM, Circuit Judges.

PER CURIAM:

The posture of this case may best be stated by repeating the recitations of the judgment of the District Court:

"Plaintiff herein seeks recovery of the value of labor, materials, and supplies furnished in the prosecution of work under a subcontract between plaintiff and defendant, D & A Equipment Company, and damages for lost profit for breach of the subcontract. Defendant, D & A Equipment Company, by way of a counterclaim seeks damages for breach of the subcontract. The case was tried to a jury and resulted in a verdict of $5,492.71 in favor of plaintiff and against defendants.

"Defendants having moved for a directed verdict at the close of plaintiff's evidence and at the close of all the evidence, now moves for judgment NOV and, alternatively, for a new trial.

"The Court has carefully considered the motion, the briefs and oral argument, and the evidence in the case, and is of the opinion that the motion is due to be granted."

The District Court accordingly (1) entered judgment, notwithstanding the verdict, in favor of the defendants on the plaintiff's claim; (2) entered judgment, notwithstanding the verdict, in favor of the defendant on its counterclaim, with a new trial to be had on the issue of damages; and (3) further directed that if the judgment NOV should be vacated or reversed on appeal then a new trial shall be had on all issues presented by the complaint and the cross complaint. The ground assigned was that the verdict was not supported by the weight of the evidence.

The case has been briefed and orally argued.

Upon thorough consideration, we are convinced that the case presented material issues of fact which must be left to the verdict of a jury. Hence, judgment notwithstanding the verdict should not have been entered, Boeing v. Shipman, 5 Cir., 1969, 411 F.2d 365; O'Neil v. W. R. Grace & Company, 5 Cir., 1969, 410 F.2d 908.

We are also of the opinion that the jury verdict should not be reinstated but the case should be tried anew on all issues, consistently with the Alabama law applicable to a diversity case.

Applying the principles announced in our Local Rule 21,[1] we consider further elaboration unnecessary.

The action of the District Court, granting judgments notwithstanding the verdict of the jury, is reversed.

The conditional order of the District Court, awarding a new trial on all issues, is affirmed.

1. See NLRB v. Amalgamated Clothing Workers of America, 5 Cir., 1970, 430 F.2d 966.